**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**GULF RESTORATION NETWORK, SIERRA CLUB, and CENTER FOR BIOLOGICAL DIVERSITY,**

**Plaintiffs,**

v. **Case No: 8:18-cv-1504-T-27AEP**

**NATIONAL MARINE FISHERIES SERVICE,**

**Defendant,**

**AMERICAN PETROLEUM INSTITUTE,**

**Defendant-Intervenor.**

_________________________________/

**ORDER**

**BEFORE THE COURT** is Defendant National Marine Fisheries Service's (NMFS) Motion to Stay Enforcement of, or, in the Alternative, to Modify, Term of Settlement Agreement (Dkt. 75), and Plaintiffs' Opposition (Dkt. 77). Upon consideration, the motion is **DENIED**.

The Complaint alleges that NMFS unreasonably delayed completing consultation and issuance of a Biological Opinion (BiOp) on federally authorized oil and gas operations in the Gulf of Mexico, as required by Section 7 of the Endangered Species Act (ESA). (Dkts. 1, 7, 26). The Parties stipulated to a settlement agreement that required NMFS to complete the interagency consultation and issue the BiOp by November 5, 2019. (Dkt. 61 at 3). Through a series of stipulated amendments to the settlement agreement, that deadline was extended to December 5, 2019, January 15, 2020, January 22, 2020, and finally March 13, 2020. (Dkt. 63, 65, 66, 72, 74). NMFS now

seeks to stay enforcement of the settlement or, alternatively, to extend the deadline to issue the BiOp to May 5, 2020. (Dkt. 75 at 4).

The Settlement Agreement provides that "[a]ny party may seek to modify the deadline . . . for good cause shown, consistent with the Federal Rules of Civil Procedure" and that the agreement "may be modified by the Court upon good cause shown, consistent with the Federal Rules of Civil Procedure, by (i) written stipulation between the parties filed with and approved by the Court, or (ii) upon written motion filed by one of the Parties and granted by the Court." (Dkt. 61 at 4-5; Dkt. 62). And as this Circuit has noted,

> A district court may extend a deadline before the original deadline has expired if the requesting party demonstrates "good cause." *See* Fed. R. Civ. P. 6(b)(1)(A). . . . Under Rule 16(b)(4), the party requesting the extension demonstrates good cause only if, "despite [its] diligence," the party cannot meet the deadline. *Sosa v. Airprint Sys., Inc.*, 133 F.3d 1417, 1418 (11th Cir. 1998) (internal quotation marks omitted).

*See Watts v. Club Madonna, Inc.*, 784 F. App'x 684, 687 (11th Cir. 2019).

Based on the arguments and pleadings, NMFS has not demonstrated that it is unable to meet the deadline despite its diligence. Accordingly, it has not demonstrated good cause to extend the deadline or to stay enforcement of the settlement.

NMFS contends there are two justifications for the extension. First, it contends that the information being analyzed in the consultation is broad in scope and includes extraordinarily complex, scientific, technical, and regulatory subject matters, such as the effects of proposed actions of other federal agencies. (Dkt. 75 at 6). Second, it contends that one such agency action the BiOp is analyzing, incidental take regulations (ITRs) relating to seismic and other geophysical

surveys on the Gulf of Mexico Outer Continental Shelf to be issued by NMFS pursuant to the Marine Mammal Protection Act, is not expected to be completed before March 13, 2020. (Id).[1]

As to the first justification, NMFS explains it is continuing to discuss scientific, technical, and regulatory subjects with relevant agencies, submitted a deliberative draft of the BiOp to the Bureau of Ocean Energy Management (BOEM) in the summer of 2019, and "recently" provided BOEM an updated draft of the BiOp. (Dkt. 75 at 15). NMFS contends that an extended deadline "would allow for important interagency consultation to continue." (Id.). It also points out that recent changes to ESA implementing regulations include new definitions and provisions clarifying how a BiOp should evaluate agency action. (Id.).

Plaintiffs respond that NMFS has known about the complexity of the information for analysis since it undertook the reinitiated consultation in 2010. (Dkt. 77 at 4, 7). Indeed, they observe that the delay in completing the BiOp was subject to a previous lawsuit, in which NMFS represented that the BiOp would be completed by November 2014, and later, March 18, 2015. *Oceana v. Bureau of Ocean Energy Mgmt.*, 37 F. Supp. 3d 147, 184 (D.D.C. 2014). At that time, NMFS represented that the "most critical outstanding issue for completing the [BiOp] concerns the . . . reduction in risk of oil well blowouts and catastrophic releases of oil into the environment resulting from regulatory measures and industry incentives implemented since the *Deepwater Horizon* incident." *Id.*

Plaintiffs also contend that NMFS does not claim its analysis of oil and gas development is incomplete, and that the current deadline provides enough time for NMFS to address any remaining comments BOEM has on the updated draft. (Dkt. 77 at 8). And as for the recent changes to the

[1] NMFS also contends that an extension would pose no prejudice in light of existing safeguards to protect marine species. (Dkt. 75 at 17-19). Plaintiffs respond that the existing safeguards are inadequate, and that the government's use of an outdated and inaccurate 2007 BiOp to approve oil and gas development in the Gulf of Mexico constitutes prejudice. (Dkt. 77 at 12-18). In any event, good cause to extend the deadline has not been shown.

ESA regulations, Plaintiffs reason that because NMFS jointly promulgated the changes in August 2019, it should have been able to account for them during its consultation. (Dkt. 77 at 9).

As for the second justification, NMFS contends the BiOp will analyze NMFS' forthcoming ITRs, which is "a proposed action that may not be finalized until that date, and are not likely to be finalized prior to March 13, 2020." (Dkt. 75 at 16). The ITRs have been submitted to the Office of Management and Budget (OMB), and "[a]lthough NMFS does not control the process, it expects that it will be completed by May 5, 2020." (Id.). NMFS speculates that "[i]nteragency review of the proposed ITRs could result in changes in the final regulations, which could necessitate revising the BiOp if the BiOp is issued prior to finalization of the ITRs." (Dkt. 75 at 16-17).

Plaintiffs respond that the ITRs concern seismic surveys, not oil leasing and drilling operations. (Dkt. 77 at 10). They further contend that the ESA does not require NMFS to await the final ITRs to complete its BiOp, and that it could include an analysis that takes into consideration the regulations as submitted to the OMB. (Id. at 10-11). They also suggest that NMFS could supplement or revise the BiOp, if necessary. (Id. at 11). Finally, Plaintiffs argue that NMFS' willingness to comply with a later deadline is uncertain, especially since it is not clear when the interagency review process will be complete and further changes may again be necessary. (Dkt. 77 at 12).

Ultimately, NMFS has not shown that it is unable, despite its diligence, to meet the March 13, 2020 deadline. *See Watts*, 784 F. App'x at 687. Rather, NMFS has already submitted an updated draft BiOp to BOEM that, presumably, analyzes oil leasing and drilling operations and addresses BOEM's prior comments. The final approval of the ITRs is not a reason to further delay the BiOp, especially since the date of approval is uncertain and NMFS is not prevented from supplementing or revising the BiOp. Any concerns of interagency confusion and inefficiency are at most

speculative. And NMFS has been aware of the complex nature of the subject matter since at least the prior lawsuit.

In the absence of good cause, Defendant's Motion to Stay Enforcement of, or, in the Alternative, to Modify, Term of Settlement Agreement is **DENIED**. (Dkt. 75).

**DONE AND ORDERED** this 20th day of February, 2020.

**JAMES D. WHITTEMORE**
**United States District Judge**

Copies to: Counsel of Record